IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SAMANTHA M. HADDOCK, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | : <br> : <br> : <br> : <br> : |
| **Plaintiff,** | : Civil Action No. _____ <br> : |
| vs. | : <br> : |
| **JASPER COUNTY, GEORGIA,** | : JURY TRIAL DEMANDED <br> : |
| **Defendant.** | : |

## COMPLAINT

Samantha M. Haddock ("Haddock"), individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, brings this Complaint against Jasper County, Georgia ("Jasper County"), and shows the Court as follows:

**Introduction**

1.

This is an FLSA overtime case in which Haddock, a former Emergency Medical Technician ("EMT") for Jasper County, alleges that she was misclassified as partially exempt from the FLSA's overtime provisions as an employee engaged in fire protection activities within the meaning of 29 U.S.C. §§ 207(k) and 203(y). Because Haddock was not trained in fire suppression, was not employed by a fire department in 2015 and 2016, and had no legal authority and responsibility to

1

engage in fire suppression, the application of the partial exemption was improper and violated the FLSA.

2.

As a result of Defendant's misclassification of Plaintiff as an employee engaged in fire protection activities, Plaintiff was not paid an overtime premium when she worked more than forty hours in a seven-day work period. She was paid the overtime premium only after she worked more than fifty-three hours in a seven-day work period, as if she was a firefighter whose rights are subject to 29 U.S.C. §§ 207(k) and 203(y).

3.

Haddock also brings this action on behalf of all similarly situated emergency medical technicians who were not employees engaged in fire protection activities within the meaning of 29 U.S.C. 203(y) and who were not paid an overtime premium after working more than forty hours in any given work period.

4.

Haddock's consent to serve as a class representative is attached hereto as Exhibit "A".

5.

Haddock asks this Court to certify a collective of similarly-situated individuals (the "Proposed Class"), to wit, "All emergency medical technicians employed by Jasper County from August 10, 2015 to date, who were not engaged in "fire protection activities" (within the meaning of 29 U.S.C. 203(y)) and who were not paid an overtime premium after working more than forty hours in any given work

period." The period from August 10, 2015 is referred to in this Complaint as the "Relevant Time Period".

**Jurisdiction and Venue**

6.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U. S.C. § 1331, because this case arises under the FLSA, a federal statute.

7.

Venue properly lies in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant Jasper County, Georgia is located within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

8.

Haddock is a natural person who resides in Jasper County, Georgia.

9.

Jasper County employed Haddock as an E.M.T. Intermediate from approximately 2002 through June 4, 2018.

10.

Jasper County is a County existing and organized under the laws of the State of Georgia.

11.

Jasper County is a "public agency" within the meaning of 29 U.S.C. § 203(x).

12.

Jasper County is a political subdivision of the State of Georgia within the meaning of 29 USC § 203(e)(2)(C).

13.

Jasper County is subject to the personal jurisdiction of this Court.

14.

Jasper County may be served with process by serving its Board of Commissioners located at 125 West Green Street, Suite 18, Monticello, Georgia 31064.

**Non-Exempt Employee**

15.

At all times material hereto, Jasper County was an "employer" of Haddock as defined in 29 U.S.C. §203(d).

16.

From approximately 2002 through June 4, 2018, Haddock was an "employee" of Jasper County as defined in 29 U.S.C. § 203(e)(1).

17.

During the Relevant Time Period, Haddock was an "employee" employed by an "employer "as defined in 29 USC § 207(a).

18.

At all times during the Relevant Time Period, Haddock's primary duties included providing patients with emergency care; driving the ambulance; riding in the back of the ambulance with patients being transported; and billing and coding services.

19.

At all times during the Relevant Time Period, Jasper County did not employ Haddock in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

20.

At all times during the Relevant Time Period, Jasper County did not employ Haddock in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

21.

At all times during the Relevant Time Period, Jasper County did not employ Haddock in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

22.

Upon information and belief, Jasper County did not merge its Fire Department and Emergency Medical Services Department into one department until sometime in 2016. Until the merger of these departments, Haddock was not employed by a Fire Department but only by Jasper County's Emergency Medical Services Department.

23.

At all times during the Relevant Time Period, Haddock did not supervise two or more employees.

24.

At all times during the Relevant Time Period, Haddock was classified as a full-time EMT.

25.

At all times during the Relevant Time Period, Haddock was not formally trained in fire suppression.

26.

During Haddock's entire career as an EMT with Jasper County, Haddock has never engaged in fire suppression.

27.

At all times during the Relevant Time Period, Jasper County required all persons engaged as firefighters to have a certification from the Georgia Firefighter Standards and Training Council.

28.

At all times during the Relevant Time Period, Haddock was not certified by the Georgia Firefighter Standards and Training Council.

29.

At all times during the Relevant Time Period, Haddock did not meet the minimum standards required to be a firefighter in the State of Georgia.

30.

At all times during the Relevant Time Period, Ga. Comp. R. & Regs. r. 205-1-3-.02(2) required "All active fire service personnel" to be registered with the Georgia Firefighter Standards and Training Council.

31.

At all times during the Relevant Time Period, Jasper County did not register Haddock with the Georgia Firefighter Standards and Training Council within the meaning of Regulation 205-1-3-.01(22).

32.

During the Relevant Time Period, Haddock did not have the legal authority to engage in fire protection activities on behalf of Jasper County.

33.

During the Relevant Time Period, Haddock did not have the legal responsibility to engage in fire suppression or fire protection activities on behalf of Jasper County.

34.

During the Relevant Time Period, Haddock was not engaged in "fire protection activities" within the meaning of the FLSA.

35.

Throughout the Relevant Time period, Haddock did not fight any fires.

36.

Throughout the Relevant Time Period, Haddock followed policies and protocol as set by Jasper County.

37.

Throughout the Relevant Time Period, Jasper County controlled the rate of Haddock's pay.

38.

Throughout the Relevant Time Period, Jasper County controlled Haddock's work hours.

39.

At all times during the Relevant Time Period, Haddock was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

40.

Pursuant to 29 C.F.R. § 541.3(b), known as the "First responder Regulation", at all times during the Relevant Time Period, Haddock was not exempt from the payment of overtime because her primary duties were rescuing fire, crime or accident victims.

**Failure to Pay Overtime**

41.

During the Relevant Time Period, Jasper County did not compensate Haddock on a salaried basis.

42.

During the Relevant Time Period, Jasper County compensated Haddock on an hourly basis.

43.

From August 2015 through July 2016, Jasper County compensated Haddock at a rate of $9.50 per hour.

44.

From August 2016 through approximately November 2016, Jasper County compensated Haddock at a rate of $9.79 per hour.

45.

From December 2016 through June 4, 2018, Jasper County compensated Haddock at a rate of $10.59 per hour.

46.

During the Relevant Time Period, Haddock was regularly scheduled to work and did in fact work in excess of 40 hours in any given seven-day work period.

47.

During the Relevant Time Period, Haddock normally worked a shift of twenty-four (24) hours, followed by forty-eight (48) hours of being off-duty.

48.

During the Relevant Time Period, Jasper County compensated Haddock as if she was engaged in fire protection activities within the meaning of 29 U.S.C. §§ 207(k) and 203(y) wherein she was not paid an overtime premium unless and until she worked in excess of fifty-three (53) hours in a seven-day work period.

49.

During the Relevant Time Period, Jasper County did not pay Haddock an overtime premium for each hour she worked in excess of forty hours and less than fifty-three hours in a given work period.

50.

During the Relevant Time Period, Jasper County compensated Haddock at one-and-one-half times her regular hourly rate only after she had worked 53 hours during each Work period.

51.

Haddock has not been paid in full for all overtime hours she has worked because of this improper classification as an employee engaged in fire protection activities.

**Willfulness and Lack of Good Faith**

52.

Defendant knew or should have known that the FLSA applied to Haddock and that no exemption from the overtime pay requirements of the FLSA existed.

53.

Jasper County knew or should have known that Haddock was an employee covered by the FLSA's maximum hours provisions.

54.

Jasper County knew or should have known that Haddock was not an employee engaged in fire protection activities.

55.

Jasper County knew or should have known that the FLSA requires that Jasper County compensate Haddock at one-and-one-half times her regular hourly rate for each hour worked in excess of forty (40) hours in a single work period.

56.

In failing or refusing to pay Haddock overtime wages as required by the FLSA, Jasper County has not relied on any letter ruling from the Department of Labor indicating that Haddock was subject to any full or partial exemption from the overtime pay provisions of the FLSA.

57.

Jasper County's conduct constitutes willful violations of §§ 207 and 215 of the FLSA, entitling Haddock to all relief afforded under the FLSA for a period of three years prior to the filing of this Complaint, including the award of liquidated damages and reasonable costs of litigation and attorneys' fees.

**Count I - Failure to Pay Overtime Pursuant to 29 U.S.C. § 207**

58.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

59.

At all times during the Relevant Time Period beginning three years prior to the filing of this suit through June 4, 2018, Haddock was an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

60.

During most weeks during the Relevant Time Period, Haddock regularly worked in Jasper County's employ in excess of forty (40) hours during each work period.

61.

During the Relevant Time Period, Jasper County failed to pay Haddock at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in each work period.

62.

Jasper County willfully failed to pay Haddock at one-and-one-half times her regular hourly rate for work in excess of forty (40) hours in any work period during the Relevant Time Period.

63.

Haddock is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

64.

As a result of the underpayment of overtime compensation as alleged above, Haddock is entitled to recover liquidated damages in accordance 29 U.S.C. § 216(b).

65.

As a result of the underpayment of overtime compensation as alleged above, Haddock is entitled to recover her litigation costs, including her reasonable attorney's fees in accordance with 29 U.S.C. § 216(b).

## Count II – Collective Action Allegations

66.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

67.

At all times during the three years prior to the filing of this Complaint, Defendant violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the Proposed Class after they worked more than forty hours work period and less than fifty-three hours in a given work period.

68.

At all times during the three years prior to the filing of this Complaint, Defendant violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the Proposed Class in the same manner as alleged above with respect to Plaintiff Haddock.

69.

Plaintiff is similarly situated to the proposed class due to Jasper County's common misclassification of all EMT's who do not engage in fire protection activities as employees who are engaged in fire protection activities pursuant to 29 U.S.C. § 203(y).

70.

The members of the Proposed Class are, therefore, entitled to payment of the overtime premium for all hours worked in excess of forty (40) in a seven-day work

period, an equal amount in liquidated damages, and their reasonable attorney's fees and costs in accordance with 29 U.S.C. § 216(b).

71.

All such individuals similarly situated and members of the Proposed Class would benefit from the issuance of a Court supervised Notice of Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

72.

All such individuals similarly situated to Plaintiff and members of the Proposed Class are readily identifiable, and can be located through the records of Jasper County.

73.

Upon information and belief, Defendant has not relied on any letter ruling from the Department of Labor indicating that failing to pay overtime premiums to all EMT's who are not engaged in fire protection activities for all hours worked in excess of forty (40) in a seven-day work period was permitted under the FLSA.

74.

Upon information and belief, Defendant has not relied on any legal or expert advice indicating that failing to pay overtime premiums to all EMT's who are not engaged in fire protection activities for all hours worked in excess of forty (40) in a seven-day work period was permitted under the FLSA.

**WHEREFORE**, Plaintiff Haddock respectfully prays that this Court:

1. Take jurisdiction of this matter;

2. Certify the Proposed Class and permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;
3. Issue a judgment declaring that Haddock, and the class she proposes to represent, were employees of Jasper County and were covered by the provisions of the FLSA from three years prior to the filing of this complaint to date;
4. Issue a judgment declaring that Haddock, and the class she proposes to represent, were not employees engaged in fire protection activities as defined in 29 U.S.C. § 203(y) and were therefore entitled to be paid an overtime premium for each hour worked in excess of forty (400 in a seven-day work period from three years prior to the filing of this complaint through the date of trial:
5. Issue a judgment finding that Jasper County has failed to comply with the overtime wage requirements of the FLSA with respect to Plaintiff Haddock and the class she proposes to represent from three years prior to the filing of this complaint through the date of trial;
6. Award Haddock, and the class she proposes to represent, due but unpaid overtime compensation calculated at time and one half of each Plaintiff's regular hourly rate for all hours worked between forty (40) and fifty-three (53) hours worked in each seven-day work period, plus an equal amount in liquidated damages from three years prior to the filing of this complaint through the date of trial;

7. Award Haddock, and the class she proposes to represent, prejudgment interest on all amounts owed;

8. Award Haddock, and the class she proposes to represent, nominal damages;

9. Award Haddock, and the class she proposes to represent, costs of litigation, including her reasonable attorney's fees pursuant to 29 U.S.C. § 216(b);

10. Grant a trial by jury as to all matters properly triable to a jury; and

11. Grant such other and further relief as the Court deems necessary, just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com

*/s/ Michael A. Caldwell*
Michael A. Caldwell
Ga. Bar No. 102775

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

**Counsel for Plaintiff Haddock**